IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGED HELMI BEBA WI,

        Petitioner,

v.                                                                                No. CIV 10-472 WJ/LFG

RAY TERRY,

        Respondent.

### MAGISTRATE JUDGE'S FINDINGS AND
### RECOMMENDED DISPOSITION[1]

### Findings

    1.    On May 13, 2010, Petitioner Maged Helmi Beba Wi[2] ("Petitioner") filed a *pro se* Petition for a Writ of Habeas Corpus under 42 U.S.C. § 2241.  Petitioner is a citizen of Egypt who received lawful permanent resident status in the United States on June 14, 1992.  His petition claims his continued detention violates substantive and due process rights.

    2.    On July 9, 2010, Respondent filed a motion to dismiss without prejudice. Respondent provided exhibits showing that Petitioner had prior felony convictions in 2004 and 2006. [Doc. 8, Ex. 1.] On May 30, 2008, the United States Department of Homeland Security

---

[1] **Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.**

[2] Petitioner's name also appears on pleadings as "Bebawi."

("DHS") arrested Petitioner, who was then taken into Immigration and Customs Enforcement ("ICE") custody and ordered detained pending a final determination by an Immigration Judge as to whether he is subject to removal. [Doc. 8, Exs. 2, 3.] From July 28, 2008 to March 23, 2010, Petitioner's immigration case was continued approximately eleven times, with all but one continuance requested by Petitioner. [Doc. 8, p. 2; exhibits.]

3.      On March 23, 2010, Petitioner withdrew his application for relief in the immigration proceedings and the Immigration Judge entered an order of removal. [Doc. 8, Ex. 6.] On April 21, 2010, Petitioner reserved his right to appeal the Immigration Judge's order of removal. [Doc. 8, Ex. 7.]

4.      On July 21, 2010, Respondent filed an amended motion to dismiss without prejudice, based on more recent immigration proceedings. Respondent states that on July 12, 2010,[3] the Board of Immigrations Appeals dismissed Petitioner's appeal of the removal order. [Doc. 9, Ex. 9.] Thus, Petitioner became subject to a final order of removal as of July 12, 2010.

5.      Respondent's initial motion to dismiss argued that Petitioner was not entitled to relief under Zadvydas v. Davis, 533 U.S. 678 (2001), because at the time he was not subject to a final order of removal. The amended motion to dismiss clarifies that a final removal order is now in place.

6.      Respondent now argues that Petitioner's claim of a statutory violation is not ripe because his current post removal order detention has not expired according to 8 U.S.C. § 1231(a)(1)(B). There is a statutory 90-day removal period from the date the order of removal became final, which Respondent calculates as October 13, 2010. [Doc. 9, p. 3.] Respondent contends

---

[3] Respondent states this date was July 14, 2010, and may calculate deadlines in accordance with July 14th. However, the attached exhibits indicate the order of removal was entered on July 12, 2010. [Doc. 9, Ex. 9.]

2

that until this statutory period has expired, Petitioner's suggestion that he might be detained indefinitely is unsubstantiated and should be dismissed without prejudice because it is not ripe.

7. In addition, Respondent argues that Petitioner's substantive due process claim is not ripe because removal is reasonably foreseeable. In Zadvydas, the United States Supreme Court held that it is presumptively reasonable to detain an alien for a period of six months while attempting to remove the alien from the United States. Zadvydas, 533 U.S. at 701. Respondent's present position is that, under Zadvydas, Petitioner's post removal order detention has not exceeded the six-month threshold. While Petitioner was initially arrested and detained on May 30, 2008, the six-month period did not run until the date of the final order of removal, i.e., July 12, 2010. Id., at 682, 683, 687. Thus, the six-month removal period will not expire until about January 13, 2011, and Petitioner's request is not ripe. [Doc. 9, p. 4.] "If in the future Petitioner's claim becomes ripe at the expiration of the six months, he could potentially have a claim under Zadvydas . . . ." [Doc. 9, p. 4.]

8. Petitioner did not file a response to the initial motion to dismiss, nor did he file a response in opposition to the amended motion to dismiss. The time for doing so has expired. Petitioner may, however, file objections to these findings and recommended disposition as explained on page one of these findings in footnote 1.

**Recommended Disposition**

That Respondent's amended motion to dismiss without prejudice be granted and that Maged Helmi Beba Wi's § 2241 petition be dismissed without prejudice to his ability to file a subsequent

petition in accordance with 28 U.S.C. § 2241 should his detention continue for more than six months.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge